UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY WILLIAMS,

                              Plaintiff,

   -against-

PAESANO REST. CORP. and MULBERRY
CONDOMINIUM ASSOCIATES INC.

                             Defendants
------------------------------------------------------------x

Caso No.   1:25-cv-4793

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Paesano Rest. Corp. and Mulberry Condominium Associates Inc. (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

1. This action challenges defendants' ongoing and unjustified disability discrimination. Plaintiff seeks declaratory, injunctive, and equitable relief, along with damages and attorney's fees, under Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and related state and local statutes: New York State Executive Law § 296, New York State Civil Rights Law § 40, and New York City Administrative Code § 8-107. Defendants own, lease, operate, and control a place of public accommodation in violation of these laws and are responsible for the actions of their agents and employees described here.

2. Rather than comply with clear legal standards, defendants knowingly chose not to make their premises accessible to people with disabilities. That choice marginalized disabled patrons and prioritized profit over inclusion. This case seeks to correct that choice by compelling full compliance and equal access.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 42 U.S.C. § 12188 and 28

1

U.S.C. §§ 1331 and 1343. Supplemental jurisdiction exists for related state and city law claims under 28 U.S.C. § 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the acts complained of occurred in this district and the public accommodation in question is located here.

## PARTIES

5. Plaintiff resides in New York County and has at all relevant times.

6. Plaintiff has used a wheelchair since suffering a spinal injury from a gunshot wound at age 13. The injury causes severe limitations in walking and mobility.

7. Defendants operate, lease, and/or control property at or near 136 Mulberry St, New York, NY 10013 ("the Premises").

8. Each defendant is authorized to conduct business in New York.

9. At all times, defendants ran a place of public accommodation at the Premises.

## FACTUAL BACKGROUND

10. The Premises qualify as a public accommodation under federal, state, and city disability laws.

11. The facility is privately operated and affects commerce, placing it within the scope of 42 U.S.C. § 12181 and related provisions.

12. There are numerous physical barriers at the Premises that limit or deny access to plaintiff.

13. Upon information and belief, the Premises was originally designed and constructed for first occupancy after January 26, 1993.

14. Additionally, defendants have made alterations to the Premises since January 1992.

15. Plaintiff travels around New York City regularly and frequently visits the area where the Premises is located.

16. Despite his paralysis, plaintiff remains mobile by using a car equipped with hand controls.

17. Plaintiff often visits the neighborhood for meals, errands, and social outings, just as any non-disabled person might.

18. On or around May 1, 2025, plaintiff tried to visit the Premises, an Italian restaurant known for its cuisine.

19. He specifically wanted to try the fried ravioli.

20. But when he arrived, plaintiff encountered a step at the entrance and no means of requesting help, effectively blocking entry.

21. He was embarrassed and felt discriminated against.

22. He still intends to return once the premises are accessible.

23. The Premises are less than an hour from where plaintiff lives.

24. The services, amenities, and areas of the Premises do not comply with the 1991 or 2010 ADA Standards for Accessible Design, as adopted by the Department of Justice.

25. As a result of these failures, plaintiff has not had safe or equal access to the premises.

26. The facility does not meet the requirements of the 1991 or 2010 ADA Standards, the New York City Administrative Code, the Building Code of New York City, or the 2014 NYC Construction Code.

27. Examples of barriers that plaintiff encountered or which deter him from returning include:

28. A step at the main entrance with no accessible route, ramp, or egress Non-

compliant dining tables that lack the required knee and toe clearances A bar that is too high and lacks an accessible portion with required clearance Lack of signage identifying the restrooms in accordance with applicable standards

29. These examples are not exhaustive, and a full inspection would likely reveal additional violations.

30. To correct these issues and prevent piecemeal litigation, plaintiff needs a comprehensive inspection and intends to amend the complaint if new violations are identified.

31. Defendants denied plaintiff access to services and amenities on the basis of his disability.

32. They have failed to adopt adequate policies or procedures for accommodating disabled patrons, and have not made reasonable modifications where required.

33. Plaintiff faces an ongoing risk of discrimination unless and until the Premises are brought into compliance.

34. He continues to frequent the area and wants to return to the Premises multiple times once accessible.

**FIRST CAUSE OF ACTION Violation of the Americans with Disabilities Act**

35. Plaintiff incorporates all previous allegations by reference.

36. Plaintiff is disabled within the meaning of the ADA due to his inability to walk and limited range of motion. He uses a wheelchair for mobility.

37. Under the ADA, liability attaches to both the property owner and lessee of a public accommodation. 28 C.F.R. § 36.201(b).

38. Both entities remain responsible even if their lease agreement attempts to shift duties. 28 C.F.R. § 36.201(b).

39. Defendants have denied plaintiff the full and equal enjoyment of their facilities

due to his disability.

40. Their practices have had both a disparate treatment and disparate impact on plaintiff.

41. By refusing to follow accessibility standards, defendants have made clear that disabled customers like plaintiff are unwelcome.

42. The design and construction of the Premises does not comply with the ADA's accessibility requirements.

43. The Premises fails to provide equal access or integration for individuals with disabilities.

44. When altering the Premises, defendants failed to bring them into compliance to the maximum extent feasible.

45. Defendants also failed to make accessible the paths of travel to and within areas serving primary functions.

46. The 2010 ADA Standards required defendants to remedy non-compliant features, and they did not.

47. Defendants failed to remove barriers that could be eliminated without much difficulty or expense.

48. These failures amount to discrimination under 42 U.S.C. § 12182 and related regulations.

49. Alternatively, defendants failed to offer reasonable alternatives as required under 28 C.F.R. § 36.305.

50. Defendants' conduct reflects an ongoing pattern of non-compliance.

**SECOND CAUSE OF ACTION Violation of the New York State Executive Law**

51. Plaintiff incorporates all prior allegations.

5

52. Plaintiff's medical condition qualifies as a disability under the Executive Law.

53. Defendants denied him equal access to their facilities due to his disability.

54. Defendants violated Executive Law § 296(2) by maintaining an inaccessible facility and by aiding and abetting each other in this conduct.

55. They failed to make reasonable modifications where feasible as required by § 296(2)(c)(iii), and failed to offer alternatives under § 296(2)(c)(iv).

56. Providing access would not impose undue hardship on defendants.

57. Plaintiff has suffered emotional distress, including humiliation and anxiety, as a direct result of these violations.

58. He seeks compensatory damages to be determined at trial.

**THIRD CAUSE OF ACTION Violation of the New York City Administrative Code**

59. Plaintiff incorporates all preceding allegations.

60. His medical condition qualifies as a disability under the Administrative Code.

61. The Local Civil Rights Restoration Act mandates a broad interpretation of the Administrative Code to favor plaintiffs.

62. Defendants have denied plaintiff access to their services and amenities due to his disability.

63. They have created or maintained an inaccessible facility in violation of § 8-107(4) and Local Law 58.

64. These acts were intentional, reckless, or done with disregard for plaintiff's rights.

65. As a result, plaintiff suffered emotional distress and humiliation.

66. Defendants' conduct warrants punitive damages under § 8-502.

67. They also profited by refusing to invest in accessibility and must disgorge

those gains.

68. Plaintiff seeks damages to be assessed at trial.

**FOURTH CAUSE OF ACTION Violation of New York State Civil Rights Law**

69. Plaintiff incorporates all prior allegations.

70. Defendants discriminated against him in violation of the Executive Law.

71. Plaintiff is entitled to statutory penalties under Civil Rights Law §§ 40-c and 40-d.

## INJUNCTIVE RELIEF

72. Plaintiff will continue to experience unlawful discrimination as a result of defendants' failure to comply with the above-mentioned laws. Therefore, injunctive relief is necessary to order defendants to alter and modify their place of public accommodation and their operations, policies, practices and procedures.

73. Injunctive relief is also necessary to make defendants' facilities readily accessible to and usable by plaintiff in accordance with the above-mentioned laws.

74. Injunctive relief is further necessary to order defendants to provide auxiliary aids or services, modification of their policies, and/or provision of alternative methods, in accordance with the ADA, Executive Law and the Administrative Code.

## DECLARATORY RELIEF

75. Plaintiff is entitled to a declaratory judgment concerning each of the accessibility violations committed by defendants against plaintiff and as to required alterations and modifications to defendants' place of public accommodation, facilities, goods and services, and to defendants' policies, practices, and procedures.

## ATTORNEY'S FEES, EXPENSES AND COSTS

76. In order to enforce plaintiff's rights against the defendants, plaintiff has retained counsel and is entitled to recover attorney's fees, expenses and costs pursuant to the ADA and the Administrative Code. 42 U.S.C. §12205; 28 C.F.R. §36.505; and Administrative Code § 8-502.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the

      Administrative Code;

vii.    Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii.    For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: June 6, 2025

      Manhasset, New York

                                      Respectfully submitted,

                                      **GABRIEL A. LEVY, P.C.**
Attorney for Plaintiff
1129 Northern Blvd, Suite 404
Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com