UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JEFFERY WILLIAMS,

                Plaintiff,

-against-            Case No.: 1:25-cv-4793

PAESANO REST. CORP. and
MULBERRY CONDOMINIUM
ASSOCIATES INC.,

                Defendant.

------------------------------------------------------------X

## CONSENT DECREE

1.    This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 10, by and between the following parties: Plaintiff, JEFFERY WILLIAMS ("Plaintiff"), and Defendant, PAESANO REST. CORP. ("Defendant"). Plaintiff and Defendant shall hereinafter be collectively referred to as, the "Parties" for the purposes and on the terms specified herein. Mulberry Condominium Associates Inc. ("Mulberry") is also a defendant in this action, which has not appeared and is not represented by counsel.

## RECITALS

2.    Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

1

3.  On or about June 6, 2025, Plaintiff filed this lawsuit in the U.S. District Court for the Southern District of New York entitled *JEFFERY WILLIAMS v. PAESANO REST. CORP, et al. (Docket No. 1:25-cv-4793)* (the "Action"). The Plaintiff alleged that Defendant's restaurant, Paesano of Mulberry Street, located at 136 Mulberry St, New York, NY 10013 (the "Premises" or the "Restaurant"), is not fully accessible to individuals with disabilities in violation of Title III of the ADA, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

4.  Defendant expressly denies that the Premises violates any federal, state or local law, including the ADA, the NYSHRL, and the NYCHRL, and any other wrongdoing or liability whatsoever. By entry into this Consent Decree, Defendant does not admit any wrongdoing.

5.  This Consent Decree resolves, settles, and compromises all issues between the Parties in the Action.

6.  This Consent Decree is entered into by the Plaintiff, individually.

## JURISDICTION

7.  Plaintiff alleges that Defendant is a private entity that owns and/or operates the Premises and contends that Defendant's Premises is a public accommodation within the definition of Title III of the ADA. 42 U.S.C. §12181(7). Defendant denies that its Premises is a public accommodation or a place of public accommodation or are otherwise subject to Title III of the ADA.

8.  This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12182. The Parties agree that for purposes of the Action and this Consent Decree, venue is appropriate.

## AGREED RESOLUTION

9. Plaintiff and Defendant agree that it is in the Parties' best interest to resolve the Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in Plaintiff's Complaint. In resolution of this action, the Parties hereby AGREE to the following:

## DEFINITIONS

10. "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

11. "Reasonable Efforts" means, with respect to a given goal or obligation, the efforts that a reasonable person or entity in Defendant's position would use to achieve that goal or obligation. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures set forth in paragraphs 16 through 22 of this Consent Decree. Reasonable Efforts shall be interpreted so as to not require Defendant to undertake efforts whose cost, difficulty or impact on Defendant's Premises could constitute an undue burden, as defined in Title III of the ADA but as applied solely to Defendant's Premises - as though they are collectively a standalone business entity, or which could result in a fundamental alteration in the manner in which Defendant operates its Premises - or the primary functions related thereto, or which could result in a loss of revenue or traffic on its Premises related operations.

## TERM

12. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for thirty-six (36) months from the Effective Date.

## GENERAL NON-DISCRIMINATION REQUIREMENTS

13. Pursuant to the terms of this Consent Decree, Defendant, including its licensees and affiliates:

    a. Shall not deny persons with a disability (as defined under the ADA), including the Plaintiff, the opportunity to participate in and benefit from the goods, services, privileges, advantages, and accommodations through the Premises. 42 U.S.C. §12182(b)(1)(A)(i); 28 C.F.R. § 36.202(a);

    b. Shall use Reasonable Efforts to provide persons with a disability (as defined under the ADA), including the Plaintiff, an equal opportunity to participate in or benefit from the goods, services, privileges, advantages, and accommodations provided through the Premises as set forth herein. 42 U.S.C. § 12182(b)(2)(A)(ii); 28 C.F.R. § 36.202(b); and

    c. Shall use Reasonable Efforts to ensure that persons with a disability (as defined under the ADA), including the Plaintiff, are not excluded, denied services, segregated, or otherwise treated differently because of architectural barriers or inaccessible routes, entrances, restrooms, or seating at the Premises. 42 U.S.C. § 12182(b)(2)(A)(iii).

## COMPLIANCE WITH TITLE III OF THE ADA

14. Conformance Timeline: Defendant and/or its licensees and affiliates shall ensure full and equal enjoyment of the goods, services, privileges, advantages, features, and accommodations provided by and through the Premises according to the following timeline and requirements provided that the following dates will be extended in the instance that the Department of Justice releases regulations for Premises under Title III of the ADA while this Consent Decree is in effect and which contain compliance dates and/or deadlines further in the future than the dates set forth herein:

   a. Within ninety (90) days of the Effective Date, the Defendant and/or licensees and affiliates shall use good faith efforts to improve the accessibility of the Premises in such a manner so that the Premises will be accessible to persons with disabilities as set forth in Paragraph 20 below.

   b. As to the bathroom at the Restaurant:

      i. To the extent not already done, Defendant shall:
         1. Install an ADA-compliant Handicap Bathroom sign on the Handicap Bathroom door in compliance of 216.8 and 703 of the 2010 ADAAG Standards.
         2. Install an ADA-compliant Handicap Bathroom sign within the restaurant.

   c. As to the Bar at the Restaurant, the Parties agree that that the Bar is merely a service/preparation bar, and no customers are served there. Thus, the bar need not be ADA-compliant.

   d. As to the Entrance at the Restaurant, to the extent not already done, Defendant shall be required to do the following to provide an access route to the entrance of the Restaurant:

      i. Modify the access route in front of the accessible entrance by providing a temporary, portable ramp so as to comply with ADA Standards. The location of the new ramp should be located outside the maneuvering clearance of the accessible entrance (which should be flat); or

      ii. The Parties agree that the total cost (including loss of business) of installing a permanent ramp will be more than $4,000, so in the alternative to a permanent ramp, Defendant may be allowed to use a temporary, portable ramp. As a readily achievable alternative, and to the extent not already done, Defendant shall provide a doorbell outside the entrance within reach range of a disabled individual from the sidewalk with an audible chime ringing inside the Restaurant. Below the doorbell, Defendant shall post a sign stating, "Please Ring Bell for Assistance" and have the International Symbol of Accessibility in the sign. Defendant shall enforce a policy of having an employee bring a portable ramp to the entrance and assist a disabled patron inside the Restaurant when the doorbell is pressed.

e. As to the Tables in the Restaurant, to the extent not already done, Defendant shall ensure that at least 5% of its tables are wheelchair-accessible.

## SPECIFIC RELIEF TO PLAINTIFF

15.  Specific Relief: The Plaintiff and the Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, other financial matters, relating to any alleged inaccessibility of the Premises through a separate agreement (the "Settlement Agreement"), which is not incorporated into this Consent Decree.

## PROCEDURES IN THE EVENT OF DISPUTES

16.  The procedures set forth in Paragraphs 17 through 19 must be exhausted in the event that Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

17.  If a party believes that the other party hereto has not complied in all material respects with any provision of the Consent Decree, then that party shall provide the other party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party. Plaintiff will notify Defendant in writing after the dates for compliance set forth herein if Plaintiff believes that the Premises are in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if it believes there is a criterion of this Consent Decree with which it cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraph 22.

18.  Within sixty (60) days of either Party receiving notice as described in Paragraph 17, the other Party will respond in writing to the notice. Within fifteen (15) days of

receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

19. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 18, the Parties will each have an additional thirty (30) days to select an expert, and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible Premises design who will evaluate the particular item(s) raised based on whether a person with a mobility disability using a wheelchair or other mobility aid can adequately access and use the Premises.

20. There will be no breach of this Consent Decree unless: (a) the independent accessibility consultant determines that a particular feature, element, or condition at the Premises cannot be used or accessed by a person with a mobility disability in compliance with applicable ADA Accessibility Guidelines; and (b) Defendant fails to remedy the issue using Reasonable Efforts within a reasonable period of time of not less than ninety (90) days after receiving the accessibility consultant's opinion. If the accessibility consultant believes that a reasonable time to remedy the item using Reasonable Efforts is longer than ninety (90) days, then the Parties may agree on a longer period without leave of Court, provided that such extension is documented in writing and executed by the Parties or their counsel. If the accessibility consultant determines that a particular feature or condition cannot be remedied using Reasonable Efforts, then Defendant shall not be obligated to remedy that item.

21. Any of the time periods set forth in Paragraphs 17 through 19 may be extended by mutual agreement of the Parties.

22. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail and by overnight express mail or United States first class mail, addressed as follows:

For PLAINTIFF:          Gabriel A. Levy, Esq.
                        Gabriel A. Levy, P.C.
                        1129 Northern Blvd. Suite 404
                        Manhasset, NY 11030
                        212-228-9795
                        Glevy@glpcfirm.com


For DEFENDANT:          Evan E. Richards, Esq.
                        Baker Greenspan & Bernstein, Esqs
                        2099 Bellmore Ave,
                        Bellmore, NY 11710
                        Tel: 516-783-3300
                        erichards@bgblawfirm.com

## **MODIFICATION**

23. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## **ENFORCEMENT AND OTHER PROVISIONS**

24. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York.

25. Other than the terms of the Settlement Agreement, this Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

26. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original

intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

27. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure solely to the benefit of the Plaintiff, and there are no third-party beneficiaries of this Consent Decree.

28. The signatories represent that they have the authority to bind the respective parties, Plaintiff and Defendant, to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

29. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Dated: 9.11.2025

JEFFERY WILLIAMS
By: *Jeffery Williams*
Jeffery Williams

Dated: 09/11/2025

Paesano Rest. Corp.
By: *[signature]*
Qazim Dedushi

10

## COURT APPROVAL, ADOPTION, AND ENTRY OF THE CONSENT DECREE

**THE COURT, HAVING CONSIDERED** the pleadings, law, underlying facts and having reviewed this proposed Consent Decree,

**FINDS AS FOLLOWS:**

1) This Court has personal jurisdiction over Plaintiff and Defendant for the purposes of this lawsuit pursuant to 28 U.S.C. §§ 1331;

2) The provisions of this Consent Decree shall be binding upon the Parties;

3) Entry of this Consent Decree is in the public interest;

4) This Consent Decree is for settlement purposes only and does not constitute an admission by Defendant of any of the allegations contained in the Complaint or any other pleading in this lawsuit, nor does it constitute any finding of liability against Defendant;

5) The Plaintiff has brought this action to enforce rights under the ADA; and

6) This Consent Decree shall be deemed as adjudicating, once and for all, the merits of each and every claim, matter, and issue that was alleged, or could have been alleged by Plaintiff based on, or arising out of, or in connection with, the allegations in the Complaint.

NOW THEREFORE, the Court approves the Consent Decree and in doing so specifically adopts it and makes it an Order of the Court.

DONE AND ORDERED in Chambers at 9:27 am this 18th day of September, 2025.

_Jeannette Vargas_
UNITED STATES DISTRICT JUDGE

cc: Counsel of record via CM/ECF

11